**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO VAZQUEZ-CERON,<br><br>                                  Plaintiff,<br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>                                Defendants. | Case No.:  20-cv-01318 W (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DOC. 7]** |

Defendant Ford Motor Company ("Ford") removed this lemon law action from the San Diego Superior Court on July 13, 2020.  (*See Notice of Removal* [Doc. 1-1].)  Plaintiff now moves to remand.  (*Mot. to Remand* [Doc. 7].)  Ford opposes.  [Doc. 12.]  The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).  For the reasons that follow, the Court **DENIES** Plaintiff's motion.  [Doc. 7.]

## I. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

## II. DISCUSSION

Defendant Ford removed the matter to this Court based on diversity grounds. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff disputes both that the parties are from different states and that the amount in controversy is more than $75,000. Upon dispute, the preponderance standard applies. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Based on the preponderance of the evidence, the Court finds that diversity jurisdiction properly vests in this Court.

First, there is no serious dispute that the parties are diverse. Plaintiff argues that Ford has claimed that its principal place of business is in Palo Alto, California—the implication being that the parties are non-diverse because Plaintiff is also domiciled in California. (*Mot.* [Doc. 7] 12:15–18; *Ex. 1* [Doc. 7-2].) However, the cited document claims Palo Alto as Ford's principal office *in California*, and goes on to list Dearborn,

Michigan, as its Principal Executive office.  The document also confirms Ford is incorporated in Delaware.

Although Plaintiff declines to include any evidence indicating his citizenship one way or the other, Ford has submitted Plaintiff's purchase contract of the subject vehicle, which lists a San Diego, California address for Plaintiff.[1]  Subject to further showing, this is sufficient to satisfy the diverse citizenship requirement.  See Anderson v. Watt, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").  In the event Plaintiff was not a citizen of California at the time of removal, a simple declaration to that effect would suffice to destroy diversity.

Finally, Plaintiff's alleged damages exceed the $75,000 amount in controversy requirement.  Plaintiff seeks a statutory repurchase of the vehicle in question and a two-time civil penalty.  (*Compl.* [Doc. 1-3] ¶¶ 16, 17.)  Based on the purchase agreement, a statutory repurchase would be approximately $37, 241.41.  (Avelar Decl. [Doc. 12-1] ¶ 9; *Ex. 1* [Doc. 12-2].)  A two-time civil penalty therefore comes out at $74,482.82.  See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (explaining that the two-time civil penalty provided by the Song-Beverly Act is properly included in the amount in controversy).  Thus, the aggregate of the statutory repurchase claim and two-time civil penalty exceed $75,000.

//
//
//
//
//

---

[1] Ford requests the Court take judicial notice of the purchase contract of the subject vehicle.  [Doc. 12-4.]  Given that the purchase contract forms the basis of Plaintiff's claim, the Court grants Ford's request and takes judicial notice of the document.

## III. CONCLUSION & ORDER

In light of the foregoing, Plaintiff's motion to remand is **DENIED** [Doc. 7].

Dated: October 5, 2020

Hon. Thomas J. Whelan
United States District Judge